# Charles Chase et al., Admrs., Plffs. in Err., v. David Garrett.

A sale of a chattel, made in good faith and for value, is not necessarily voidable at suit of creditors, for want of an immediate and actual change of possession.

(Decided October 5, 1885.)

Error to the Common Pleas of Warren County to review a judgment for plaintiff in an action for trespass to personal property. Affirmed.

This was an action of trespass by Garrett, against the defendants' intestate, the sheriff of Warren county, and after his death prosecuted against his administrators, for seizing and selling a second-hand boiler and engine and belt on an execution in favor of M. D. Archibald, against Merrill & Markhart. On Dec., 21, 1881, Merrill & Markhart, by agreement in writing, purchased the property in controversy, together with the lease of the premises on which it was located from McClure, Hardenburg, & Archibald, and gave their judgment notes therefor, to each of the vendors separately. Archibald entered judgment on one of his notes for $500.42, had a writ of fi. fa. issued thereon, on June 24, 1882, which was received by the sheriff the same day, by virtue of which a levy was made upon the property in controversy July 1. Sale of the belt was made July 13, and of the boiler and engine July 21, 1882.

Meantime, on June 12, 1882, Merrill & Markhart sold the engine, boiler, belt, and some other property on the lease to Garrett, the plaintiff, for the consideration named, of $723.40, part of which was paid by a check of $133, and the residue by a

Cited in Emery v. Scarlett, 8 Pa. Co. Ct. 123, as to the nature of the change of possession required by law.

Note.—In determining what possession must be taken by the vendee to protect from creditors of the vendor, the kind of property, the use to which it is to be put, and the relations of the parties must be considered. No change which will defeat the honest intentions of the parties is requisite. Smith v. Crisman, 91 Pa. 428; McClure v. Forney, 107 Pa. 414; Garretson v. Hackenberg, 144 Pa. 107, 22 Atl. 875. The question as to the bona fides of the sale under the circumstances is for the jury to determine. Hill v. Leibig Mfg. Co., 3 Pa. Super. Ct. 398, 40 W. N. C. 141, 14 Lanc. L. Rev. 113; Renninger v. Spatz, 128 Pa. 524, 15 Am. St. Rep. 692, 18 Atl. 405.

credit given to Merrill & Markhart for work previously done for them by the plaintiff. At the time of the sale they told him: "There is your property; do what you have a mind to with it." No portion of the property was removed, no actual possession taken, and no mark or indication put upon any portion of it to show any change in the ownership. On the trial the question was whether this sale was void for want of such a change of possession of the property as the law required, to make a sale good as against the execution creditors of the sellers. The judge instructed the jury as follows:

Charge. It is the general rule of law upon the sale of personal property, that, unless the vendee takes the possession of the property pursuant to the sale, unless there is an actual change in the possession, the sale is not good, however honest it may be, as against the creditors of the vendor. But the change of possession which the law requires is such as the nature and character of the property, the situation and relation of the parties, render reasonable, or such as is reasonable under the circumstances, taking into consideration the nature and character of the property. For example: Upon the sale of a horse, or sale of a watch, it is very easy to pass it from hand to hand; upon the sale of a pile of lumber, or sale of property which is difficult to remove, the law does not require the same absolute and immediate change of possession that it demands in case of portable property. The simple question of fact for you to determine is: Did Merrill & Markhart surrender their dominion and control over this property, in pursuance of the sale made on the 12th of June, and did the plaintiff, Garrett, take possession of it in such a manner as, taking into consideration the nature and character of the property, was reasonably to be expected, under all the circumstances of the case? If so, the sale is good; otherwise it is not.

The jury sustained the sale, and found for the plaintiff. From the judgment on their verdict the defendants brought error.

*D. I. Ball* and *R. Brown* for plaintiffs in error.

*S. P. Johnson, W. M. Lindsey,* and *James O. Parmlee* for defendant in error.

PER CURIAM:

When the purchase of a chattel is in good faith and for a valuable consideration, it is not essentially necessary in all cases that there be an immediate and actual change of possession, in order to protect it against the creditors of the vendor. Such change of possession only is required as the nature and character of the property, and the relation and situation of the parties to the property, make reasonable. The evidence fails to establish any legal fraud in this case. Whether there was actual fraud was a question of fact for the jury. It was properly submitted to them.

Judgment affirmed.